# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HUE NAY, | ) | 1:08-CV-00693 JMD HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| A. HEDGPETH, | ) | TO ENTER JUDGMENT |
| | ) | |
| Respondent. | ) | ORDER DECLINING ISSUANCE OF |
| | ) | CERTIFICATE OF APPEALABILITY |

Hue Nay ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

Petitioner is currently incarcerated at Kern Valley State Prison in Delano, California. (Pet. at 1). Petitioner's custody arose from a judgement of the Kern County Superior Court. (Id at 2). Petitioner was convicted in July 25, 2006, of assault with a firearm (Cal. Penal Code § 245(a)(2)) with sentence enhancements for personally using a firearm (Cal. Penal Code § 12022.5(a)(1)) and committing the offense for the benefit of, at the direction of, or in association with a criminal street gang (Cal. Penal Code § 186.22(b)(1)). (Lod. Doc. 4 at 1-2). Petitioner was sentenced to an aggregate prison term of twenty-four years.

Petitioner appealed his conviction to the California Court of Appeal, Fifth District. (Pet. at 5). The Court of Appeal issued a reasoned opinion on October 25, 2007, affirming Petitioner's conviction. (Lod. Doc. 4).

Petitioner admits that he did not seek review of his current claims before the California Supreme Court. (Pet. at 5).

Petitioner filed the instant petition for writ of habeas corpus with the federal court on May 19,

1   2008.  Respondent filed an answer on September 5, 2008, responding to the grounds for relief set

2   forth in the petition.

3   <u>Consent to Magistrate Judge Jurisdiction</u>

4        On June 6, 2008, Petitioner consented, pursuant to Title 18 U.S.C. section 636(c)(1), to have

5   a magistrate judge conduct all further proceedings, including entry of the final judgment.  (Court

6   Doc. 6).

7        On July 22, 2008, Respondent also consented to the jurisdiction of a magistrate judge.  (Court

8   Doc. 11).

9        On May 19 2009, the case was reassigned to the undersigned for all further proceedings.

10  (Court Doc. 17).

11                          FACTUAL BACKGROUND[1]

12       Bakersfield police officers came to a house on the night of July 3, 2005, in
    response to a report of shots fired. There they met S., who was bleeding from a
13  gunshot wound. He had been in his yard, walking toward his house, when he heard
    shots and was struck in the hand. He ran inside. Additional shots struck the door.
14       S. did not see who shot him. He told an officer, however, that defendant lived
    across the street and had asked S. several times to join a gang called the Oriental
15  Troops. S. had refused and he and his family experienced problems with the gang
    afterward.
16       Another witness provided a description of the shooter. Officers went to a
    nearby house and arrested defendant. They conducted an in-field show-up and two
17  witnesses identified defendant as the person they had seen shooting S.
         The district attorney filed a four-count information. Count one was assault
18  with a firearm. (Pen.Code, § 245, subd. (a)(2).) Count two was discharging a firearm
    at an inhabited dwelling. (§ 246.) Count three was being a felon in possession of a
19  firearm. (§ 12021, subd. (a)(1).) Count four was active participation in a criminal
    street gang. (§ 186.22, subd. (a).) For sentence enhancement purposes, the
20  information also alleged that defendant personally used a firearm (§ 12022.5, subd.
    (a)(1)) in committing the offense set forth in count one; acted for the benefit of, at the
21  direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)) in
    committing the offenses set forth in counts one, two and three; and served a prior
22  prison term (§ 667.5, subd. (b)).
         At trial, a witness who had identified defendant at the scene of the crime
23  identified him again. A police technician testified that a swab of defendant's right
    hand tested positive for gunshot residue.
24       S., who had been taken in by a family after his mother died and his father
    expelled him, testified at trial. He denied he ever told the police anything about
25  defendant or gangs. He said he did not know defendant, had never had any problems
    with him, and had never been asked to join a gang. An investigator for the district

26

27       [1]The factual background is derived from the factual summary set forth in the unpublished opinion of the California
    Court of Appeal, Fifth District.  A determination of fact made by a state court is presumed correct, pursuant to 28 U.S.C.
28  §§ 2254(e)(1), and must be rebutted by the petitioner with clearly and convincing evidence.

attorney's office testified that S. said he was afraid of defendant and his associates and did not want to be involved in the case. The witness who testified that he saw defendant shoot S. was the man who, with his wife, took S. in; after trial he was placed in a witness protection program.

A Bakersfield police officer testified as an expert on local gangs. He opined that a gang known as the Oriental Troop, Oriental Troops, or Oriental Troop Boyz existed in Bakersfield. Partly on the basis of defendant's repeated admissions to police, the officer further opined that defendant was an active member of this gang. He also believed defendant committed the shooting in association with or for the benefit of the gang.

The parties stipulated that defendant had a prior felony conviction.

The jury found defendant guilty of counts one (assault with a firearm), three (being a felon in possession of a firearm), and four (being an active participant in a criminal street gang), and found the firearm-use and gang-relatedness allegations true. It found defendant not guilty of count two (discharging a firearm at an inhabited dwelling). The court dismissed the prior-prison-term allegation at the People's request.

The court sentenced defendant to 24 years in prison. This consisted of the upper term of four years for count one (§ 245, subd .(a)(2)), plus 10 years for the gang-relatedness enhancement (§ 186.22, subd. (b)(1)) and 10 years for the firearm-use enhancement (§ 12022.5, subd. (a)(1)). Upper terms for counts three and four were imposed and stayed pursuant to section 654.

(Lod. Doc. 4 at 2-4).

## DISCUSSION

## I. Jurisdiction and Venue

A person in custody pursuant to the judgment of a state court may petition a district court for relief by way of a writ of habeas corpus if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); *Williams v. Taylor*, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution and that his custody arises from a judgment of the Kern County Superior Court. An application for writ of habeas corpus may be filed in the district court where Petitioner was sentenced or the district court where Petitioner is currently incarcerated. *See* 28 U.S.C. § 2241(d). As Petitioner was sentenced and is currently incarcerated in Kern County, which is pursuant to 28 U.S.C. section 84(b), in this judicial district, the Court has jurisdiction over and is the proper venue for this action.

\\\

\\\

\\\

## II.    ADEPA Standard of Review

In April 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for a writ of habeas corpus filed after the statute's enactment. *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied*, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107 (1997), *overruled on other grounds by Lindh*, 521 U.S. 320 (holding AEDPA only applicable to cases filed after statute's enactment)).  The instant petition was filed in 2008 and is consequently governed by AEDPA's provisions, which became effective upon its enactment on April 24, 1996.  *Lockyer v. Andrade*, 538 U.S. 63, 70 (2003).

As Petitioner is in the custody pursuant to a state court judgment, Title 28 U.S.C. section 2254 remains the exclusive vehicle for Petitioner's habeas petition.  *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1126-1127 (9th Cir. 2006) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) in holding that § 2254 is the exclusive vehicle for a habeas petitioner in custody pursuant to a state court judgment even where the petitioner is not challenging his underlying state court conviction).  Under AEDPA, a petition for habeas corpus "may be granted only if [Petitioner] demonstrates that the state court decision denying relief was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007) (quoting 28 U.S.C. § 2254(d)(1)); *see Lockyer*, 538 U.S. at 70-71.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" *Lockyer*, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)).  In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* (quoting *Williams*, 592 U.S. at 412). "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.*

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Lockyer*, 538 U.S. at 72,

1 (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant

2 the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

3 question of law or if the state court decides a case differently than [the] Court has on a set of

4 materially indistinguishable facts." *Williams*, 529 U.S. at 413; *see also Lockyer*, 538 U.S. at 72.

5 "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court

6 identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies

7 that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. "[A] federal court may

8 not issue the writ simply because the court concludes in its independent judgment that the relevant

9 state court decision applied clearly established federal law erroneously or incorrectly. Rather, that

10 application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable

11 application" inquiry should ask whether the state court's application of clearly established federal law

12 was "objectively unreasonable." *Id.* at 409.

13      Petitioner bears the burden of establishing that the state court's decision is contrary to or

14 involved an unreasonable application of United States Supreme Court precedent. *Baylor v. Estelle*,

15 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth

16 Circuit precedent remains relevant persuasive authority in determining whether a state court decision

17 is objectively unreasonable. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003); *Duhaime v.*

18 *Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999).

19      AEDPA requires that a federal habeas court give considerable deference to State court

20 decisions. The State court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1).

21 Furthermore, a federal habeas court is bound by a State's interpretation of its own laws. *Souch v.*

22 *Schaivo*, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537

23 U.S. 1149 (2003).

24 **III.    Review of Petitioner's Claim**

25      Petitioner sets forth two grounds for relief in his petition for writ of habeas corpus, both

26 alleging that his Sixth and Fourteenth Amendment rights were violated by the trial court's imposition

27

28

1  of the upper term for the substantive offense and sentence enhancements.[2]  Respondent asserts that

2  Petitioner has failed to exhaust his state remedies as he did not seek review before the State's highest

3  court and alternatively, that Petitioner has failed to raise a colorable claim.

4      *A.      Exhaustion of State Remedies*

5          A petition for writ of habeas corpus shall not be granted unless "the applicant has

6  exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(a).  This

7  exhaustion requirement mandates that petitioners fairly present the federal claims raised in their

8  federal habeas petitioner before the state courts, including a state supreme court with powers of

9  discretionary review,  in order to afford the state courts the "opportunity to pass upon and correct

10  alleged violations of its prisoners' federal rights."  *Picard v. Connor*, 404 U.S. 270, 275 (1971); *see*

11  *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

12  " 'Fair presentation requires that a state's highest court has a 'fair opportunity to consider...and to

13  correct [the] asserted constitutional defect."  *Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir.

14  2008) (quoting *Lounsbury v. Thompson*, 374 F.3d 785, 787 (9th Cir. 2004) (quoting *Picard*, 404 U.S.

15  at 276)).  Here, it is clear that Petitioner has not exhausted his state remedies as he did not seek

16  review in the California Supreme Court.  (Pet. at 5).  Consequently, the petition for writ of habeas

17  corpus may not be granted by this Court.  *See* 28 U.S.C. § 2254(b)(1)(a).

18      *B.      Failure to Raise A Colorable Claim*

19          Respondent correctly notes that an unexhausted claim may be decided on the merits if the

20  claim is not colorable. "An application for writ of habeas corpus may be denied on the merits,

21  notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the

22  State."  28 U. S. C. § 2254(b)(2).  The Ninth Circuit has interpreted section 2254(b)(2) to allow a

23  federal court to deny an unexhausted petition on the merits "only when it is perfectly clear that the

24  applicant does not raise even a colorable federal claim."  *Cassett v. Stewart*, 406 F.3d 614, 623-24

25

26      [2]The United States Supreme Court has previously stated that, "the Due Process Clause of the Fifth Amendment and
the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum
27  penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Jones*
*v. United States*, 526 U.S. 227, 246 n. 6) (1999). In *Apprendi v. New Jersey*, 530 U.S. 466, 475 (2000), the Supreme Court
28  recognized that "[t]he Fourteenth Amendment commands the same answer."

(9th Cir. 2005), *cert. denied*, 546 U.S. 1172 (2006).

Here, Petitioner is arguing that the trial court's actions violated clearly established Federal law contained in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny. In *Apprendi*, the United States Supreme Court overturned a state sentencing scheme as violative of a criminal defendant's right to have a jury verdict based on proof beyond a reasonable doubt. The sentencing scheme permitted a trial judge to enhance a defendant's penalty beyond the prescribed statutory maximum upon a finding by a preponderance of the evidence that the defendant committed the crime with racial animus. *Id*. at 469. The Supreme Court held that the Sixth Amendment right to a jury trial required that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to jury, and proved beyond a reasonable doubt." *Id.* at 490. In *Blakely v. Washington*, 542 U.S. 296, 303-304 (2004), the high court explained that the "statutory maximum" is the maximum sentence a judge may impose based exclusively on the facts reflected in the jury verdict or admitted by the defendant and not the maximum sentence a judge may impose after finding additional facts.

The United States Supreme Court subsequently found that the imposition of upper terms, as delineated in California's Determinate Sentencing Law, based on facts found by a judge violated a criminal defendant's constitutional rights. *See Cunningham v. California*, 549 U.S. 270, 293 (2007) (overruling *People v. Black*, 35 Cal.4th 1238 (2005)). The *Cunningham* court noted that the middle term specified in California's statutes was the relevant statutory maximum for the purpose of applying *Blakely* and *Apprendi*. The high court thus concluded that the imposition of the upper term based solely upon a trial judge's fact finding violated the defendant's Sixth and Fourteenth Amendment rights because it "assigns to the trial judge, not the jury, authority to find facts that expose a defendant to an elevated 'upper term' sentence." *Id.* at 274.

As noted by the California Court of Appeal, the only State court to have issued a reasoned opinion in this case, "the relevant question is not what the trial court *would* have done, but what it legally *could* have done." *Butler v. Curry*, 528 F.3d 624, 648-649 (emphasis in original). Under California law only one aggravating factor need to be proven for imposition of the upper term. *See People v. Black,* 41 Cal.4th 799, 806 (Cal. 2007) ("*Black II*"); *Butler*, 528 F.3d at 642-643. The

appellate court applied the Supreme Court's holding in *Cunningham* to find that the imposition of the upper term in Petitioner's case was permitted as the trial court had relied on Petitioner's prior conviction. (Lod. Doc. 4 at 18-21).[3] The appellate court thus concluded that:

> [T]his record is amply sufficient to support the upper terms. Three of the aggravating factors the court relied on presupposed prior convictions: numerous prior adult convictions; probationary status at the time of the current offense; and unsatisfactory performance on prior probation. At least one of these-defendant's numerous prior convictions as an adult-cannot meaningfully be distinguished from Blakely's formulation, approving the use of " 'the fact of a prior conviction' " ( Blakely, supra, 542 U.S. at p. 301) to increase a sentence. It would not make sense to say that the trial court is entitled to rely on one prior conviction but not on several. In fact, a report of numerous or increasingly serious prior convictions in the probation report and the prosecutor's brief was just what the Supreme Court found adequate in Black II, rejecting the argument that this is not the same thing as the simple fact of a prior conviction...

(Lod. Doc. 4 at 21).

The State court was correct in noting that the imposition of a term beyond the prescribed statutory maximum based on a judge finding's of a prior conviction does not implicate a criminal defendant's right to a jury trial or his right to due process of the law. *See Almendarez-Torres v. United States*, 523 U.S. 224, 244 (1998) (holding that fact of prior conviction need not be pleaded in an indictment or proved beyond a reasonable doubt); *but cf. Butler*, 528 F.3d at 644-645 (questioning whether scope of prior conviction exception in *Almendarez-Torres* applies to facts not apparent on the face of the conviction documents and citing to *United States v. Kortgaard* 425 F.3d 602, 610 (9th Cir. 2005) for the proposition that the exception in *Almendarez-Torres* is a narrow one subject to certain limitations). The Ninth Circuit's concern about the use of facts derived from prior conviction inapplicable to the current case as the trial court used the prior convictions and not the facts of those convictions as the aggravating factor to impose the upper term. Consequently, the State court's finding that it was permissible for the trial court to rely on prior convictions in imposing the upper term was not an objectively unreasonable application of clearly established Federal law. Petitioner has thus failed to raise a colorable claim for habeas corpus relief.

---

[3]The appellate court specifically cited the trial court's explanation of its sentencing decision, quoting the portions in which the trial court stated it was relying on the probation officer's report and that the factors in aggravation included the numerous prior convictions, as detailed in the probation officer's report. (Lod. Doc. 4 at 20). In making its sentencing determination, the trial court found of particular significance, Petitioner's prior conviction for violating California Health and Safety Code section 11370.1(a). (Id).

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

**Dated:    May 20, 2009**                    **/s/ John M. Dixon**
UNITED STATES MAGISTRATE JUDGE